## STATE OF MAINE *vs.* WALTER S. BROWN,

### By Indictment.

### Cumberland. Opinion April 30, 1919.

*Superior Courts. General rule covering right of appeal to Law Court from Superior Courts.*

Indictment brought under Revised Statutes, Chap. 126, Sec. 2, Superior Court, Cumberland County.

*Held:*

That an appeal lies from the Superior Court to the Law Court under R. S., Chap. 136, Sec. 28.

Indictment brought under R. S., Chap. 126, Sec. 2, tried at Superior Court, Cumberland County, State of Maine. Verdict of guilty was returned and respondent filed exceptions, also an appeal to Law Court. Judgment in accordance with opinion.

Case stated in opinion.

*Carroll L. Beady , and Clement F. Robinson,* for the State.

*W. C. Whelden, and Arthur Chapman,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

SPEAR, J. This case comes up on exceptions to the admission of testimony; to the refusal of the presiding Justice to order a verdict after the evidence was all in; to overruling a motion in arrest of judgment; and on appeal from the decision of the presiding Justice denying a motion to set aside the verdict.

The exceptions to the admission of testimony are not in such form as to admit of consideration. *Dunn* v. *Packing Company,* 113 Maine, 159. The exception to the overruling of the motion in arrest of judgment is without merit. No defect appears upon the face of the papers. The motion for a directed verdict is in the nature of a

demurrer to the evidence and brings the case up on the evidence. This exception may be considered with the appeal. The appeal brings the case up on its merits, with the verdict of the jury to overcome.

The question of the right of appeal from the Superior Court is raised by the State. An analysis of the statutes hereto appended shows that an appeal lies. We therefore come directly to a consideration of the merits of the case, under the appeal, where a concurrence of a majority of the Justices shall be sufficient to grant a new trial.

The offence charged in the indictment is most revolting. Yet the jury, after a patient and exhaustive trial, with opportunity to see, hear and judge the parties and witnesses, found the defendant guilty.

The defense argues the improbability of the story upon which the verdict is founded. It is legitimate argument. Yet, if the acts charged were improbable, the manufacture of the prosecution was well nigh impossible. There is no judicial ground upon which to disturb the verdict.

## ANALYSIS OF THE STATUTES.

In this case a motion for a new trial was presented to the Justice who heard the cause, and denied. An appeal under R. S., 1916, Chap. 136, Sec. 28, was taken from this decision. The first clause in this section provides, without limitation as to the court in which the cause may be pending, that a motion to the sitting Justice, for a new trial, in any case involving imprisonment for life, is a subject of appeal. Hence there is no doubt that an appeal, involving life imprisonment, lies from an adverse decision of a Justice of the Superior Court.

The last clause then proceeds to read that "in all other cases amounting to a felony where a like motion is filed an appeal may be taken to the Law Court."

Revised Statutes, Chap. 82, Sec. 100, provides that "motions for a new trial in criminal cases tried in either of the Superior Courts shall be heard and finally determined, by the justice thereof." This provision must be construed, in pari materia, since in the history of the legislation touching the right of appeal, capital cases evidently do not fall within the limitation of Sec. 100, Chap. 82, as appears from the following comparison.

Chapter 151, Public Laws of 1868 established a Superior Court in Cumberland County and Chapter 216, 1868 gave it full criminal

jurisdiction. At that time no statute provided for an appeal in any class of criminal cases. Chapter 216 expressly provided that the decision of the Justice should be final.

This was no more than a declaration of the common law right of the Justice. *State* v. *Hill*, 48 Maine, 241; *Powers* v. *Moore*, 79 Maine, 216; *State* v. *Perry*, 115 Maine, 204.

By Chapter 207, Public Laws of 1880 the following statute was enacted: "The Supreme Judicial Court or any Superior Court before which any person has been convicted for an offence capital, or formerly capital, or may be convicted for an offense formerly capital may either in term time or vacation  . . . .  grant a new trial, for any cause for which a new trial may or should be granted." This statute did not provide for appeal from the decision of the presiding Justice in either court.

By the Public Laws of 1883, Chap. 205, Sec. 8, the respondent was granted the right of appeal from an adverse decision upon his motion, to the next law term, and the concurrence of but three Justices was necessary to grant such motion. This chapter restored the death penalty and Section 8 applied to both the Supreme and Superior Courts.

That section appears in R. S., 1883, Chap. 134, as Sec. 27. By the Public Laws of 1889, Chap. 152, Sec. 27 of Chap. 134 was made to apply to "murder or to any offence for which the punishment may be imprisonment for life" instead of to a "capital case." This change in phraseology was required by the repeal of the death penalty which abolished "a capital case." The appeal, however, remained precisely the same as in R. S., 1883, Chap. 134, Sec. 27, and applied to both the Supreme and Superior Courts.

Revised Statutes, 1883, Chap. 134, Sec. 27 as amended became Chap. 135, Sec. 27 in the revision of 1903. Consequently an appeal for any life offense under the latter section could be taken from each court. The Public Laws of 1909, Chap. 184, amended Sec. 27, Chap. 135, R. S., 1903, by adding the following: "But in all other criminal cases amounting to a felony where like motion is filed and appeal taken to the Law Court the concurrence of a majority of the Justices shall be necessary to grant such motion and sentence shall be imposed upon conviction either by verdict or demurrer." This addition it will be seen does not in any way differentiate between the Supreme and Superior Courts with reference to the right to pass upon "such

motion," or upon the right of appeal. The only change is that it requires a concurrence of the majority of the Justices instead of three to grant the motion. In the language of the section "where like motion is filed and appeal taken to the law court" the word "like" would indicate that both the motion and the appeal should be based upon the same jurisdiction as the motion and appeal in case of punishment or imprisonment for life. It would therefore follow, that an appeal in case of a felony, upon the denial of a motion for a new trial, by the presiding Justice, could be taken from either court.

By Chap. 18, Public Laws of 1913, R. S., Chap. 135, Sec. 27, as above amended, was again amended, so that, to sustain an appeal in offenses punishable by imprisonment for life, it required a majority of the Justices instead of three. No other amendment was made. This did not affect the right of appeal from either court.

Neither R. S., 1883, Chap. 77, Sec. 82, nor R. S., 1916, Chap. 82, Sec. 100, identically the same, inhibit an appeal in a murder case, in the Superior Courts, although the language is broad enough to deny an appeal in all criminal cases.

In view of the history of these statutes, and of the fact that the Superior Court of Cumberland County has always had jurisdiction of murder cases, a class of criminal cases which certainly does not fall within the purview of Chap. 82, Sec. 100; and that an appeal in case of felonies has been coupled with, and is an amendment of, the section of the statute which has always applied to capital or murder offenses, we think that felonies, the penalty for which in some cases may be very severe, were intended, so far as the right of motion for new trial and appeal is concerned, to be placed in the category of offenses which were formerly capital or for which the punishment might be imprisonment for life.

*Exceptions overruled.*
*Appeal denied.*